THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. 46834
TYLER SACCHETTA, ESQUIRE
Attorney I.D. 325228
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212                                    Attorney for plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE SHEEHAN, Individually and | : | |
| as Administratrix of THE ESTATE OF | : | |
| JOSHUA GRIFFITH, Deceased | : | CIVIL ACTION |
| 1323 Greenhill Road | : | |
| West Chester, PA 19380 | : | DOCKET NO. |
|                Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| NICHOLAS SCRIVANI, Individually and | : | |
| in his Official Capacity as a Trooper for the | : | |
| Pennsylvania State Police | : | |
| 1800 Elmerton Avenue | : | To Remedy Excessive Force/Denial of Civil |
| Harrisburg, PA 17110 | : | Rights Pursuant to 42 USC Sec 1983 et seq |
|     and | : | |
| MICHAEL PRIMERANO Individually and | : | |
| in his Official Capacity as a Trooper for the | : | |
| Pennsylvania State Police | : | |
| 1800 Elmerton Avenue | : | |
| Harrisburg, PA 17110 | : | |
|              Defendants | : | |

### PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Michelle Sheehan, Individually and as Administratrix of

the Estate of Joshua Griffith, by and through her attorney, Thomas F. Sacchetta, Esquire, and

avers as follows:

### NATURE OF ACTION

1.     Plaintiff, Michelle Sheehan, Individually and as Administratrix of the Estate of

Joshua Griffith brings this lawsuit against Defendants, Nicholas Scrivani and Michael Primerano, both individually and in their official capacities as Troopers for the Pennsylvania State Police, to remedy violations of Joshua Griffith's civil rights and the use of excessive force on the part of Defendants. Defendants used excessive force by using a taser gun and tasering Joshua Griffith when he was not a danger to himself or others, was not combative in any way, and there was no legally justifiable reason for the forced used by Defendants, in violation of his civil rights and federal law.

## PARTIES

2.      Plaintiff, Michelle Sheehan, Individually and as Administratrix of the Estate of Joshua Griffith, is an adult individual residing at 1323 Greenhill Road, West Chester, PA 19380. The address of the deceased at the time of death was 1323 Greenhill Road, West Chester, PA 19380. Plaintiff was the mother of Joshua Griffith.

3.      Defendant, Trooper Nicholas Scrivani (Defendant Scrivani), who at all times material herein, was employed by the Pennsylvania State Police. Defendant Scrivani is sued both individually and in his official capacity.

4.      Defendant, Trooper Michael Primerano (Defendant Primerano), who at all times material herein, was employed by the Pennsylvania State Police. Defendant Primerano is sued both individually and in his official capacity.

## JURISDICTION AND VENUE

5.      Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

6.      Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. § 1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

7.     Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the harm complained of herein occurred in this judicial district at Montgomery County, Pennsylvania.

## STATEMENT OF FACTS

8.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

9.     Defendants, Defendant Scrivani and Defendant Primerano unlawfully used excessive force by using a taser gun on Joshua Griffith without proper justification.

10.     On August 5, 2016, Joshua Griffith operating a U-Haul on City Avenue, Bala Cynwyd, PA.

11.     On said date, between 9:30 P.M. and 10:30 P.M., Joshua Griffith was pulled over for a traffic violation by Defendants, in front of Joe's Crab Shack, at 555 E. City Avenue, Bala Cynwyd, PA.

12.     On the aforementioned date and time, Joshua Griffith exited his vehicle and began to move away from the officers.

13.     Without proper justification or warning, Defendant Primerano and/or Defendant Scrivani deployed a taser gun, tasing Joshua Griffith, causing him to fall to the ground and strike his head on the pavement.

14.     Despite the fact that the Defendants were never presented with the threat of serious injury, death, or any injury for that matter, Defendant Primerano and Defendant Scrivani used deadly force against Joshua Griffith in the form of Taser strikes, tackling, pressure applied to various parts of his body.

15.     There was no justifiable reason for Defendant Primerano and/or Defendant

3

Scrivani to use a taser gun on Joshua Griffith, who, at that point, was only being stopped for a traffic violation.

16.     Joshua Griffith was then forcefully and excessively handcuffed by Defendants.

17.     Joshua Griffith had no weapons and made no threatening gestures toward Defendants.

18.     At the time of Defendants violations, Joshua Griffith was moving away, posed no threat, was tased, slammed his head, attempted to get up, was forcefully tackled and lost consciousness.

19.     As a result of being tased and slamming his head on the pavement, Joshua Griffith lost consciousness and eventually stopped breathing.

20.     At no point did either Defendant provide treatment or other life saving measures. In fact, Defendants did not even take of Joshua Griffith's handcuffs until other officers and medical personnel arrived.

21.     Joshua Griffith was ultimately transported to Lankenau Hospital and died on August 11, 2016 as a result of the excessive force used by Defendants.

22.     Joshua Griffith suffered extreme pain after being tased prior to his death.

23.     Joshua Griffith died due to the actions of Defendants.

24.     The actions of Defendants were shockingly violent and the use of excessive force was done without proper justification.

25.     Defendants knew excessive force was being used at the time and that Joshua Griffith was neither a danger to himself or others, as he was being stopped for a traffic violation.

26.     The actions of Defendants caused Joshua Griffith to suffer substantial pain, mental and physical suffering, as well as death.

4

27.     The foregoing actions of Defendants were negligent and/or reckless and/or intentional.

## COUNT I
## EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983/ASSAULT AND BATTERY

28.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

29.     At the time of Defendants' conduct, Joshua Griffith had not committed any infractions that would legally justify the force used by Defendants.

30.     Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Joshua Griffith's clearly established and well settled Constitutional and other legal rights.

31.     Defendants placed Joshua Griffith in fear of physical harm and contact and then physically harmed, contacted, and caused the death of Joshua Griffith without justification. Joshua Griffith suffered excessive force by Defendants' wrongful conduct all in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. § 1983, et seq., and at Common Law.

## COUNT II
## EIGHTH AMENDMENT AND FOURTEENTH AMENDMENT
## VIOLATIONS/FAILURE TO PROVIDE MEDICAL CARE AND TREATMENT

32.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

33.     Defendants showed deliberate indifference to Joshua Griffith's serious medical needs and life and caused wanton infliction of pain.

34.     Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Joshua Griffith's clearly established and well settled Constitutional and other legal rights.

35.     Defendants caused Joshua Griffith to suffer cruel and unusual punishment in violation of the Eighth Amendment and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. § 1983, et seq.

**COUNT III**
**DEPRIVATION OF RIGHTS ENFORCEABLE THROUGH 42 U.S.C. § 1983**
**PENNSYLVANIA WRONGFUL DEATH ACT, 42 Pa.C.S.A. § 8301**

36.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

37.     42 U.S.C. § 1983 is a vehicle for imposing liability against anyone who, under color of state law, deprives a person of "rights, privileges, or immunities secured by the Constitution and laws."

38.     Defendants, Defendant Scrivani and Defendant Primerano, were at all times relevant to this Complaint, acting under color of state law.

39.     Defendants, while acting under color of state law, deprived Joshua Griffith of his rights established by the Constitution of the United States as well as the Constitution of Pennsylvania, as described above.

40.     Defendants are liable under Section 1983 to the Plaintiff for the wrongful death of Joshua Griffith, which was directly and proximately caused by the violations of Joshua Griffith's rights as established by the Constitutions of both the United States and Pennsylvania.

41.     As a direct and proximate cause of Defendants' actions, which caused Joshua

6

Griffith's wrongful death, Plaintiff suffered a financial loss associated in large part with lost services, society, guidance, companionship, comfort, and consortium.

42.      Joshua Griffith died intestate and had no spouse or childern.

43.      The following persons are entitled to recover damages: Michelle Scheehan (mother), 1323 Greenhill Road, West Chester, PA 19380.

44.      Plaintiff brings this action on behalf of Joshua Griffith's survivors and claims damages for pecuniary loss suffered by decedent's survivors by reason of his wrongful death, as well as for reimbursement for medical bills, funeral and burial expenses, administrative expenses, and other expenses incident to his death, as well as the loss of services and financial care that he would have provided to his survivors.

**COUNT IV**
**DEPRIVATION OF RIGHTS ENFORCEABLE THROUGH 42 U.S.C. § 1983**
**PENNSYLVANIA SURVIVAL ACT, 42 Pa.C.S.A. § 8302**

45.      Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

46.      Pursuant to Pennsylvania's Survival Statute, Joshua Griffith's causes of action in life survive his death.

47.      42 U.S.C. § 1983 is a vehicle for imposing liability against anyone who, under color of state law, deprives a person of "rights, privileges, or immunities secured by the Constitution and laws."

48.      Defendants, Defendant Scrivani and Defendant Primerano, were at all times relevant to this Complaint, acting under color of state law.

49.      Defendants, while acting under color of state law, deprived Joshua Griffith of his rights established by the Constitution of the United States as well as the Constitution of

Pennsylvania, as described above.

      50.    Defendants are liable under Section 1983  for the wrongful death of Joshua

Griffith, which was directly and proximately caused by the violations of Joshua Griffith's rights

as established by the Constitutions of both the United States and Pennsylvania.

      51.    Plaintiff claims on behalf of Joshua Griffith's Estate damages for the pain and

suffering caused during the events in question until the time of his death, as well as all other

damages allowable under Pennsylvania Wrongful Death and Survival Statutes.

      WHEREFORE, Plaintiff,  Michelle Sheehan, Individually and as Administrix of the

Estate of Joshua Griffith, demands judgment against Defendants, individually, jointly and/or

severally, in an amount in excess of One-Hundred and Fifty Thousand ($150,000.00) Dollars,

including and together with compensatory damages, interest, costs, attorney's fees, punitive

damages and such other and further relief as this Honorable Court deems just pursuant to

Pennsylvania's Wrongful Death Act, 42 Pa.C.S.A. § 8301 and pursuant to 42 U.S.C. § § 1983

and 1988.

                              SACCHETTA & BALDINO

By:                                   
                              THOMAS E. SACCHETTA, ESQUIRE
                              TYLER SACCHETTA, ESQUIRE
                              Attorney for plaintiff