IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE SHEEHAN, | : CIVIL ACTION |
| Plaintiff | : |
| v. | : |
| NICHOLAS SCRIVANI, et al., | : |
| Defendants | : No. 18-3307 |

## AGREEMENT AND ORDER ON PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL

Pursuant to Rules 16(b) and 26(b) of the Federal Rules of Civil Procedure, and pursuant to Rule 502 of the Federal Rules of Evidence, plaintiff Michelle Sheehan and defendants Nicholas Scrivani and Michael Primerano (the "Parties"), through their respective undersigned counsel, hereby agree:

    a.    This agreement and Order invokes the protections afforded by Federal Rule of Civil Procedure 26(b)(5)(B), and Rule 502(d) of the Federal Rules of Evidence.

    b.    If a Party determines that it has produced a document upon which it wishes to make a claim of privilege, the producing Party shall, within 14 days of making such determination, give all counsel of record notice of the claim of privilege. The notice shall identify each such document and the date it was produced. If the producing Party claims that only a portion of a document is

privileged, the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

      c.    If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege. Such notification shall not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.

      d.    Upon receiving notice of a claim of privilege on a produced document, the receiving Party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party must take steps to re-sequester the restored information. If the receiving Party disclosed the

information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved.

   e. If a Party wishes to dispute a claim of privilege asserted under this Order, such Party shall, within 14 days, move the Court for an order compelling disclosure of the information. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B) and must not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure. Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

   f. Nothing in this agreement or Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing Party that such materials have been produced.

   g. The Party wishing to assert a claim of privilege retains the burden, upon challenge, of establishing the applicability of the claimed privilege.

   h. This agreement and Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

/s/Thomas F. Sacchetta  
THOMAS F. SACCHETTA, ESQUIRE  
Attorney for plaintiff

Dated: 12/12/18

s/ Kevin Bradford  
KEVIN R. BRADFORD  
Senior Deputy Attorney General  
Attorney for defendants

Dated: 12/11/18

The foregoing Agreement and Order Regarding Production of Privileged or Protected Material is hereby APPROVED AND SO ORDERED on this _____ day of _____, 2018.

BY THE COURT:

_____  
HONORABLE PAUL S. DIAMOND  
*Judge, United States District Court*